UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BENJAMIN SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00302-DBH |
| | ) | |
| CRAIG NICHOLS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Benjamin Schrader seeks to recover a fee for Defendant Craig Nichols' alleged use of Plaintiff's unspecified property in June, 2015. (ECF No. 1.) On August 2, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.)

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915[(e)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "A

court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).  In the absence of an allegation that suggests that Plaintiff's claim arises under federal law, or an assertion that Plaintiff and Defendant are citizens of different states, this Court would lack jurisdiction over the claim.  *See* 28 U.S.C. §§ 1331, 1332.

In his complaint, Plaintiff does not cite or reference a federal law that authorizes or governs the claim that he asserts.  In addition, a review of the complaint does not reveal a plausible basis for a federal claim.

For this Court to have jurisdiction over Plaintiff's claim, therefore, Plaintiff would have to satisfy the diversity jurisdiction requirements.  Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States."  28 U.S.C. § 1332(a)(1).  In his complaint, Plaintiff lists Winterport, Maine, as his address, and Bangor, Maine, as Defendant's address.  Plaintiff thus has not alleged diversity of citizenship between the parties.  Furthermore, given that Plaintiff asserts that the amount in controversy is $23,578, Plaintiff has failed to allege an amount in controversy that satisfies the Court's diversity jurisdiction requirement.

In short, because Plaintiff has not alleged facts that would support a claim based on federal law, and because Plaintiff has not alleged facts that would invoke the Court's diversity jurisdiction, the Court lacks jurisdiction over Plaintiff's complaint.  Accordingly, I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

           /s/ John C. Nivison
           U.S. Magistrate Judge

Dated this 11th day of August, 2015.